IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Cortez Sallis, | ) | Case No. 1:26-cv-01753-SAC |
| Petitioner, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Warden of Williamsburg FCI, | ) | |
| Respondent. | ) | |

This matter is before the Court on a Petition challenging the Bureau of Prisons' calculation of Petitioner's sentence, ECF No. 1, and a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 17. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West[1] for pre-trial proceedings. For the reasons stated here, the Court dismisses this matter for failure to prosecute.

## BACKGROUND

Petitioner, proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.[2] *See* ECF No. 1. After Petitioner filed the Petition, the Magistrate Judge issued a proper form order advising Petitioner that if he failed to complete, sign, and return to the Clerk of Court a standard § 2241 petition and pay the five-dollar ($5) filing fee for a habeas corpus action or complete and return an application to proceed *in forma pauperis*, the case would be subject to dismissal for

[1] This case was originally assigned to Magistrate Judges Shiva V. Hodges and Thomas E. Rogers, III. *See* ECF Nos. 10; 14.

[2] The Petition is styled as a "Motion to Correct a Sentence" and Petitioner references 18 U.S.C. § 3585(b) in support of the Petition. However, Petitioner challenges the Bureau of Prisons' calculation of his sentence. *See* ECF No. 1 at 2-4. Post-conviction motions attacking the execution of a sentence and not the imposition of a sentence must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Setser v. United States*, 566 U.S. 231, 244 (2012).

failure to prosecute and failure to comply with an order of the court. ECF No. 6 at 1. Petitioner has not responded to the proper form order nor otherwise communicated with the court.

On July 24, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 17. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 3. Petitioner has not filed any objections and the time to do so has lapsed.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)). Failure to timely file specific written objections to the Report will result in a waiver of the right to appeal from an Order from the Court based upon the Report. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

## CONCLUSION

The Court has considered the record in this case, the applicable law, and the Report of the Magistrate Judge. The Court finds no clear error and thereby agrees with the recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is **DISMISSED** without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

United States District Judge

October 8, 2026
Greenville, South Carolina

## CERTIFICATE OF APPEALABILITY

Under the rules governing § 2254 Cases, the district court must issue or deny a certificate of appealability when the district court enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. These rules also apply to habeas petitions filed pursuant to sections other than § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). Without "a substantial showing of the denial of a constitutional right," the district court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right is made when the district court denies relief on the merits and reasonable jurist would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). The showing is also made when the court denies relief on procedural grounds and the petitioner demonstrates both the dispositive procedural ruling is debatable and the petition states a debatable

claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Having adopted the reasoning in the Report, the Court has determined the legal standard for the issuance of a certificate of appealability has not been met and therefore denies issuing the same.